**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY ) <br> OF AMERICA, TRAVELERS PROPERTY ) <br> CASUALTY COMPANY OF AMERICA, and ) <br> THE TRAVELERS INDEMNITY COMPANY ) <br> OF CONNECTICUT, ) <br>  ) <br> Plaintiffs/Counter-Defendants, ) <br>  ) <br> vs. ) <br>  ) <br> WEAVER BOOS CONSULTANTS, INC., ) <br>  ) <br> Defendant/Counter-Plaintiff. ) <br>  ) | Case No. 09 C 05534 <br><br> Judge Milton I. Shadur |

**PLAINTIFFS' MOTION TO DISMISS WEAVER'S COUNTERCLAIM**

Plaintiffs, The Travelers Indemnity Company of America, Travelers Property Casualty Company of America and The Travelers Indemnity Company of Connecticut (collectively, "Travelers"), hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Defendant Weaver Boos Consultants, Inc.'s ("Weaver") one-count counterclaim (the "Counterclaim"), which alleges Travelers' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq*. (the "Consumer Fraud Act"). The Counterclaim should be dismissed for three independent reasons:

1. The Counterclaim fails to allege, as required by the Consumer Fraud Act and this Court's rulings, a nexus between the complained of conduct and consumer protection concerns;

2. The Counterclaim's alleged breaches of the insurance policies at issue do not amount to a Consumer Fraud Act claim as a matter of law; and

      3.      The Counterclaim does not allege that Weaver suffered actual damages as a result of Travelers' alleged deceptive acts.

In support of this Motion, Travelers states as follows.

## **ALLEGATIONS IN COUNTERCLAIM[1]**

On September 29, 2009, Travelers filed this breach of contract action against Weaver to collect outstanding premiums due under certain workers compensation and commercial insurance policies issued to Weaver. (Amend. Compl. ¶¶ 5, 8 – 10, Docket No. 12.) Under the terms of these insurance policies, Weaver agreed to pay an initial deposit premium to Travelers. (Amend. Compl. ¶¶ 6, 7.) The actual premium owed by Weaver under the insurance policies, however, is calculated only after Travelers conducts an audit of Weaver's books and records. (Amend. Compl. ¶ 7.) The audits conducted by Travelers revealed that Weaver owes an additional $169,011.00 (plus interest) in premiums under the insurance policies. (Amend. Compl. ¶ 8.) After Weaver refused to pay the additional premium, Travelers filed this action. (Amend. Compl. ¶¶ 9, 10.)

On October 9, 2009, Weaver filed the Counterclaim alleging that Travelers violated the Consumer Fraud Act when it issued invoices to Weaver seeking to collect the premium due under the insurance policies, because the invoices allegedly are at odds with the terms of the policies. (¶¶ 26, 27, 29, 37, 54, 57, 69, 84.) Specifically, Weaver alleges that Travelers engaged in the following "deceptive and misleading acts": (1) calculating the actual premium owed by Weaver based on allegedly "high[er]-rated classifications" than what "was required by the Travelers Policies" (¶¶ 26, 84); (2) failing to provide Weaver with 60 days notice of a premium

---

[1] References to "¶ ___" are to paragraphs in the Counterclaim (Docket No. 15). Travelers assumes, solely for the purposes of this Motion, that the facts (but not the conclusions or legal statements) alleged in the Counterclaim are true. Travelers reserves the right to dispute those facts.

increase (¶¶ 56, 84); (3) calculating the actual premium owed by Weaver under the insurance policies based on "total audited payroll," which allegedly improperly included amounts attributed to subcontractors (¶¶ 69, 84); and (4) issuing invoices under the commercial insurance policies and demanding premium that Weaver allegedly already paid to Travelers. (¶¶ 79, 84.) Nowhere in the Counterclaim does Weaver allege, or even imply, that Travelers' alleged conduct had any impact on consumers generally or otherwise implicates consumer protection concerns.

## ARGUMENT

Weaver's Counterclaim must be dismissed for the following three reasons, each of which provides an independent basis for dismissal: (1) Weaver fails to allege the required nexus to consumer protection concerns; (2) Travelers' alleged actions all arise out of the parties' contractual relationship; and (3) Weaver does not allege that it suffered actual damages.

**I.     The Counterclaim Fails Because Weaver Fails to Allege The Required Nexus To Consumer Protection Concerns.**

To successfully plead a Consumer Fraud Act claim, a plaintiff must meet the "consumer nexus" test by alleging that the conduct at issue "involves trade practices directed to the market generally or otherwise implicates consumer protection concerns." *Athey Products Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996). On many occasions, this Court has underscored that a Consumer Fraud Act claim will not survive a motion to dismiss where a plaintiff fails to allege this "consumer nexus." *See, e.g., DRL Enterprises, Inc. v. ePartners, Inc.*, 173 F.Supp.2d 818, 820 (N.D. Ill. 2001) (Shadur, J.); *IFC Credit Corp. v. B. Braun Medical, Inc.*, 2004 WL 2921870 at * 1 (N.D. Ill. 2004) (Shadur, J.).

This Court squarely addressed this issue in *IFC Credit Corp. Id.* In that case, a business plaintiff argued that it was not required to allege consumer protection concerns to sustain a cause

3

of action under the Consumer Fraud Act, as long as the plaintiff merely alleged that it was a consumer of the defendants' product. 2004 WL 2921870 at *1. The Court disagreed:

> [T]hat argument flies in the face of previous pronouncements by this Court (*see, e.g., Scarsdale Builders, Inc. v. Ryland Group, Inc.*, 911 F.Supp. 337, 340 (N.D. Ill. 1996)) and-more importantly-by our Court of Appeals (*Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996)) that <u>a showing of 'consumer nexus' is required to state a claim under the [Consumer Fraud] Act</u>. Only three years ago plaintiffs in *DRL Enters., Inc. v. ePartners, Inc.*, 173 F.Supp.2d 818, 819-20 (N.D. Ill. 2001) advanced the same contention that IFC now proffers and were rebuffed by this Court. Nor has the argument gained strength with the mere passage of time. <u>For its claim to survive, then, IFC must satisfy the [Consumer Fraud] Act's consumer nexus requirement</u>.

*Id*. (emphasis added). *See also DRL Enterprises, Inc.*, 173 F.Supp.2d at 820 (dismissing Consumer Fraud Act claim because plaintiff failed to allege a nexus between the complained of conduct and consumer protection concerns).

In the Counterclaim, Weaver fails to plead – or even imply – that Travelers' alleged conduct was directed to the market generally. Instead, the Counterclaim demonstrates that the impact of Travelers' alleged conduct was limited to purported effects on Weaver. (*See* ¶¶ 26, 27, 29, 37, 48-49, 54, 57, 67, 69, 71, 84.)

Moreover, the Counterclaim does not allege any facts related to consumer protection interests. Instead, Weaver alleges conduct that is strictly confined to the contractual relationship between Travelers and Weaver under the insurance policies. (*See* ¶¶ 26, 27, 29, 37, 54, 57, 69, 84.) These allegations do not amount to a Consumer Fraud Act claim as a matter of law. *See, e.g., Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill.App.3d 452, 459 (2d Dist. 1995) (dismissing plaintiffs' Consumer Fraud Act claim because the court found "no inherent consumer interest implicated in a construction contract between a general contractor and a subcontractor").

4

In sum, allowing Weaver to proceed with its Consumer Fraud Act claim would "fl[y] in the face of previous pronouncements by this Court … and – more importantly – by [the] Court of Appeals … that a showing of 'consumer nexus' is required to state a claim under the [Consumer Fraud] Act." *IFC Credit Corp.*, 2004 WL 2921870 at *1. Accordingly, Weaver's Counterclaim should be dismissed with prejudice.

## II. The Counterclaim Fails Because Its Allegations Arise Out of The Parties' Contractual Relationship.

It is well settled that allegations that relate to breaches of a contract do not give rise to a cause of action under the Consumer Fraud Act. *See Shaw v. Hyatt Int'l. Corp.*, 461 F.3d 899, 901-902 (7th Cir. 2006) (dismissing consumer fraud claim as "nothing more than the failure to fulfill" a contractual promise); *Avery v. State Farm*, 216 Ill.2d 100, 169 (Ill. 2005).

In *Avery*, the Illinois Supreme Court rejected efforts by the plaintiff to enforce provisions of an insurance policy through a consumer fraud action, holding that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Id.* This Court similarly recognized the need to prohibit plaintiffs from dressing up breach of contract disputes as Consumer Fraud Act claims to ensure "that the [Consumer Fraud] Act does not supplant the common law of contracts." *IFC Credit Corp.*, 2004 WL 2921870 at *1 fn. 4 ("if litigants could invoke the Act merely by alleging an intentional or fraudulent breach of contract, common-law breach of contract actions would be supplemented in every case with an additional and redundant remedy under the Act.") (citing *Lake County Grading Co. of Libertyville, Inc.*, 275 Ill.App.3d at 459).[2]

---

[2] *See also Ehrhart v. Unum Life Ins. Co. of America*, 1999 WL 498597 (N.D. Ill. 1999) (plaintiff's consumer fraud claim concerning the meaning of an insurance policy dismissed as a "garden-variety breach of contract suit"); *Warrentech Automotive, Inc. v. Heritage Warranty Ins. Risk Retention Group*, 2008 WL 4876936 (N.D. Ill. 2008) (dismissing Consumer Fraud Act claim because everything alleged as fraud was based on a contractual promise or stemmed from

5

Another on-point case is *Langendorf*, in which a defendant issued a health insurance policy under which the plaintiff was required to submit proof of loss prior to reimbursement. *Langendorf v. Conseco Senior Health Ins. Co.*, 590 F.Supp.2d 1020, 1021 (N.D. Ill. 2008). The plaintiff claimed that the defendant had engaged in a "scheme designed to avoid paying (by denying or delaying) Plaintiffs' … claims under the false pretense of requiring additional documentation of proof" and asserted that this conduct violated the Consumer Fraud Act." *Id*. at 1023. The court disagreed and dismissed the claim, finding that "Plaintiffs cannot transform what is in essence a breach of contract claim into a fraud claim under the [Consumer Fraud Act]." *Id*. Although plaintiffs argued that their consumer fraud claim was not premised on the alleged breach of the insurance policy, but instead on defendant's conduct – specifically, "its concealment of its scheme to delay and deny pay-outs, and misrepresentations and unfair conduct" – the court nonetheless dismissed the claim because the allegations were premised on the language of the insurance policy and based on the defendants' alleged failure to abide by the terms of the policy. *Id*. at 1023-24.

Here, like in *Avery* and *Langendorf*, Weaver alleges facts that arise, at best, to a contract dispute, not a Consumer Fraud Act claim. The "misleading and deceptive acts" alleged by Weaver, like the allegations in *Langendorf*, stem from the insurance policies between Travelers and Weaver. Weaver's complaint in a nutshell is that Travelers failed to act in accordance with the insurance policies by "[i]ssuing invoices demanding additional premium" that allegedly were not due under the terms of the insurance policies. (*See* ¶ 84(a)-(e)). The law does not, however,

---

a clause in the agreement between the parties); *Sklodowski v. Country Home Loans, Inc.*, 358 Ill.App.3d 696, 705 (4th Dist. 2005) (Consumer Fraud Act challenge to a 14-day delay in refunding mortgage escrow dismissed because it was based on a provision in the mortgage requiring "prompt" refund and was simply an allegation that defendant failed to fulfill its contractual obligation).

allow Weaver to transform "what is in essence a breach of contract claim into a fraud claim under the [Consumer Fraud Act]." *Langendorf*, 590 F.Supp.2d at 1023. The Counterclaim must therefore be dismissed.

**III.   The Counterclaim Fails Because Weaver Does Not Allege That It Suffered Any Actual Damages.**

Finally, it is axiomatic that, to succeed, a Consumer Fraud Act claim must allege <u>actual damages</u> as a result of defendants' alleged conduct. *See, e.g., Frye v. L'Oreal USA, Inc.*, 583 F.Supp.2d 954, 957 (N.D. Ill. 2008) (dismissing Consumer Fraud Act claim because plaintiff did not allege that it suffered any actual damages as a result of defendant's conduct and damages "may not be predicated on mere speculation, hypothesis, conjecture or whim"); *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 149 (2002) ("to adequately plead a private cause of action for a violation of [the Consumer Fraud Act], a plaintiff must allege ... actual damage to the plaintiff ..."); *Xydakis v. Target, Inc.*, 333 F.Supp.2d 686, 687-88 (N.D. Ill. 2004) (the Consumer Fraud Act "explicitly states" and the "legislature [has] also made it clear" that only persons who suffer actual damages as a result of a violation may bring a private action).

Here, Weaver alleges that Travelers engaged in "misleading and deceptive acts" when it "issu[ed] invoices demanding additional premium amounts" that Weaver claims are not owed. (*See* ¶¶ 84 (a-e).) Weaver further alleges that "Travelers intended that Weaver rely on these deceptive and misleading acts by Weaver's payment of the requested amounts." (¶ 85.) What Weaver notably does not allege, however, is that it actually <u>paid</u> the amounts about which it is complaining, or that it has suffered any <u>actual damages</u> as a result of the allegedly incorrect invoices. Because the Counterclaim does not allege actual damages, Weaver has not "adequately plead a private cause of action for a violation of [the Consumer Fraud Act]," and the Counterclaim therefore must fail. *Oliveiria*, 201 Ill.2d at 149.

7

## **CONCLUSION**

For these reasons, The Travelers Indemnity Company of America, Travelers Property Casualty Company of America and The Travelers Indemnity Company of Connecticut respectfully request that this Honorable Court grant this Motion and dismiss Weaver Boos Consultants, Inc.'s Counterclaim with prejudice.

Dated: October 29, 2009

Respectfully submitted,

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

By:    /s/ Bryan W. Deaton
        One of Their Attorneys

Steven T. Whitmer (06244114)
Bryan W. Deaton (06289337)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-1869 (S. Whitmer)

## CERTIFICATE OF SERVICE

  I, Bryan W. Deaton, the undersigned attorney, certify on this 29th day of October, 2009, I caused the foregoing **PLAINTIFFS' MOTION TO DISMISS WEAVER'S COUNTERCLAIM** to be served upon Defendant Weaver Boos Consultants, Inc., electronically by CM/ECF system and by regular mail at the following address:

  John D. LaBarbera
  Nicole J. Moody
  Clark Hill PLC
  150 North Michigan Avenue
  Suite 2400
  Chicago, IL 60601


              /s/ Bryan W. Deaton