IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAVELERS INDEMNITY COMPANY )
OF AMERICA, et al., )
 )
           Plaintiffs, )
 )
  v. )    No. 09 C 5534
 )
WEAVER BOOS CONSULTANTS, INC., )
 )
           Defendant. )

MEMORANDUM OPINION AND ORDER

    Apparently operating on the premise that a good offense is the best defense, Weaver Boos Consultants, Inc. ("Weaver Boos") has responded to the breach of contract lawsuit filed against it by three related insurance companies (collectively "Travelers," treated for convenience as a singular noun) with a Counterclaim that charges Travelers with having violated the Illinois Consumer Fraud and Deceptive Trade Practices Act ("Act," 815 ILCS 505/2). But analysis readily reveals that Weaver Boos' attempted offensive move is not any "good" in the legal sense.

    To be sure, there is ample caselaw (cited by Weaver Boos) that holds that the provision of insurance coverage can be the subject of the Act--that an insured can be a "consumer" entitled to its protection. But that potentiality for Act coverage is not enough, for the caselaw is at least equally ample in holding that a "consumer nexus" must be involved--that, as our Court of Appeals has said in construing and applying the Illinois Act, "claims under the Act must meet the consumer nexus test by

alleging that the conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns" (Athey Prods. Corp. v. Harris Bank Roselle, 89 F.3d 430, 436-37 (7th Cir. 1996)).[1]

Indeed, as part of its extraordinarily extended opinion in Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill.2d 100, 835 N.E.2d 801 (2005) the Illinois Supreme Court, in addressing a proposed claim under the Act by a class of insureds, announced a principle that could well have been written for this case and that is fatal to Weaver Boos' Counterclaim.[2] On that score this Court can do no better than to quote our own Court of Appeals' reliance on and application of Avery in Shaw v. Hyatt Int'l Corp., 461 F.3d 899, 901 (7th Cir. 2006):

> In Avery v. State Farm Mutual Auto. Ins. Co., 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801, 844 (2005), the Illinois Supreme Court rejected efforts by the plaintiff to enforce contractual promises through a consumer fraud action, holding that "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." Quoting Zankle v. Queen Anne Landscaping, 311 Ill.App.3d 308, 244 Ill.Dec. 100, 724 N.E.2d 988, 992-93 (2 Dist. 2000), the court explained:

---

[1] As Travelers has shown in its motion to dismiss Weaver Boos' Counterclaim, this Court has underscored and applied that principle in a number of cases. Indeed, Athey Prods., id. cited one of this Court's opinions, as well as an Illinois Appellate Court decision, as authority for the proposition just quoted in the text.

[2] Although two of the Supreme Court Justices dissented in part from that lengthy opinion, they joined the five-Justice majority in its treatment of the Act.

2

> What plaintiff calls "consumer fraud" or
> "deception" is simply defendants' failure to
> fulfill their contractual obligations. Were
> our courts to accept plaintiff's assertion
> that promises that go unfulfilled are
> actionable under the Consumer Fraud Act,
> consumer plaintiffs could convert any suit
> for breach of contract into a consumer fraud
> action.  However, it is settled that the
> Consumer Fraud Act was not intended to apply
> to every contract dispute or to supplement
> every breach of contract claim with a
> redundant remedy. [citation omitted] We
> believe that a "deceptive act or practice"
> involves more than the mere fact that a
> defendant promised something and then failed
> to do it.  That type of "misrepresentation"
> occurs every time a defendant breaches a
> contract.

Avery, 296 Ill.Dec. 448, 835 N.E.2d at 844; Zankle, 244 Ill.Dec. 100, 724 N.E.2d at 993-93.  This principle has been consistently applied by Illinois courts in myriad circumstances.[3]

What is at issue in this case is a straight-out matter of contract law:  whether Weaver Boos has or has not complied with its contractual obligation to pay the audited premiums under Travelers' workers compensation and commercial insurance policies to the extent that the initial deposit premium paid to Travelers was inadequate.  If Weaver Boos indeed has a defense to Travelers' claim, that too fits under the breach of contract rubric--it is not a "consumer nexus" issue that comes within the

---

[3] [Footnote by this Court]  Both Avery and Shaw cited a host of Illinois opinions to the identical effect.  This opinion mercifully omits such heaping of Pelion upon Ossa, just as it omits Shaw's detailed exposition of Avery and Zankle that followed the just-quoted language.

Act's coverage. Travelers' motion to dismiss the Counterclaim is therefore granted.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: November 25, 2009